

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

JOHN STEVEN SIMS,                          §
          Plaintiff,                    §
                                          §
vs.                                        §          Civil Action No. 0:14-1663-MGL-PJG
                                          §
CAROLYN W. COLVIN,                         §
Acting Commissioner of Social Security,    §
          Defendant.                    §

ORDER ADOPTING THE REPORT AND RECOMMENDATION AND
AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying Plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). *See* 42 U.S.C. § 405(g). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying benefits be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 24, 2015, Plaintiff filed his objections on July 8, 2015, and Defendant filed her response to Plaintiff's objections on July 27, 2015. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

In June 2010, Plaintiff filed his applications for DIB and SSI, alleging that his disability commenced on February 27, 2009. The Social Security Administration denied his claims, both initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on June 15, 2012. The ALJ issued a decision on July 23, 2012, finding that Plaintiff was not disabled under the Act. The Appeals Council declined review. Plaintiff then filed this action for judicial review.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

2

Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove that he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).

First, Plaintiff objects to the Magistrate Judge's "finding that he did not demonstrate deficits in adaptive functioning, as described under [Listing 12.05(c)]." Objections 2. The Court, however, discerns no error.

As is relevant here, Listing 12.05(c) states the following:

> 12.05 Mental Retardation:[1] Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before

---

[1]As of September 3, 2013–after the ALJ's decision–the Social Security Administration replaced the term "Mental Retardation" with "Intellectual Disability" in Listing 12.05. *See* Change in Terminology: "Mental Retardation" to "Intellectual Disability," 78 Fed. Reg. 46499-01 (Aug. 1, 2013). The substance of Listing 12.05, however, has not changed.

age 22.  The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

*****

C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work related limitation of function . . . .

20 C.F.R. Pt. 404, Subpart P, App. 1, Listing 12.05.

For Plaintiff to satisfy the requirements of Listing 12.05, the ALJ must find that Plaintiff is able to satisfy the introductory paragraph of Listing 12.05.  *See Hancock v. Astrue*, 667 F.3d 470, 473 (2012).  As is applicable here, the ALJ must find that Plaintiff has "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested" before the age of 22.  *Id*.  Although Listing 12.05 mandates that a plaintiff establish one of four additional requirements, for purposes of this case, only Requirement C is at issue.  *Id*.  The *Hancock* court, too, dealt with Requirement C.  *Id.*

In discussing Listing 12.05(C), the ALJ opined that

the "paragraph C" criteria of listing 12.05 are not met because [Plaintiff] does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.  In a consultative examination dated July 2011, the WAIS-IV was administered and [Plaintiff] obtained the following index scores: verbal comprehension, 66, perceptual reasoning, 71, working memory, 71, processing speed, 68, with a full scale IQ score of 63.  Despite these test scores, [Plaintiff's] ability to obtain a driver's license, obtain a GED, read the paper, his history of maintaining jobs for years at a time, and his extensive activities of daily living,[2] support a finding that [Plaintiff] does not exhibit deficits in adaptive functioning that would

---

[2]In his objections, Plaintiff argues that the ALJ erred in his characterization of Plaintiff's "extensive activities of daily living."  A.R. 19.  Even assuming that Plaintiff is correct, the error is harmless inasmuch as there still remains substantial evidence in the record to support the ALJ's decision that Plaintiff failed to meet the requirements of "paragraph C."

> support disability under Listing 12.05C, and therefore the undersigned
> finds that the criteria of "paragraph C" are not met.

A.R. 19 (citation omitted).

The Court agrees with Plaintiff's statement that, "because the adaptive functioning evaluation is particularly dependent upon the facts of each individual case, the proper evaluation and explanation of those facts is vital to this analysis." Objections 4. As recited above, and as more fully discussed below, the Court is of the firm opinion that the ALJ's opinion demonstrates that he properly evaluated and explained why it was that he came to the conclusion that the requirements for "paragraph C" were not met. Moreover, his decision is supported by substantial evidence and is free from legal error. Accordingly, it is the opinion of the Court that this objection must be overruled.

Second, Plaintiff complains that "[t]he Magistrate's finding that [Plaintiff's] moderate difficulties in concentration, persistence and pace, as well as social functioning, do not amount to deficits in adaptive functioning, is directly counter to the [case law] of the Fourth Circuit and the District of South Carolina." *Id*. at 2 (internal quotation marks omitted). The Court is unpersuaded.

As a preliminary matter, this Court is not bound by the decisions of other district courts. Moreover, each set of facts in a disability case is different. As such, each claim is considered on a case-by-case basis. Therefore, rarely will referencing another district court's opinion be of any consequence, especially when one considers that, as noted above, there is substantial substance in the record to support both Defendant's and Plaintiff's positions. As to Plaintiff's argument that the Magistrate Judge erred by not following Fourth Circuit precedent, Plaintiff failed to cite to any Fourth Circuit precedent to aid his argument.

As noted by the ALJ, Plaintiff's "ability to obtain a driver's license, obtain a GED, read the paper, [and] his history of maintaining jobs for years at a time . . . support a finding that [Plaintiff] does not exhibit deficits in adaptive functioning that would support disability under Listing 12.05C[.]" A.R. 19. Given this evidence, the Court is unable to say there is not substantial evidence in the record to support the ALJ's decision on this matter, or that the ALJ committed reversible error. Consequently, the Court will overrule this objection, as well.

Third, Plaintiff argues that the Magistrate Judge misapprehends several district court opinions. As explained above, this argument is of no moment.

Fourth, according to Plaintiff, "[t]he Magistrate mistakenly cites with approval the ALJ's consideration of [Plaintiff's] work history." Objections 4. The Court is unconvinced.

Plaintiff's argument is contrary to well-established Fourth Circuit precedent. In *Hancock*, the Fourth Circuit, in affirming the Commissioner's denial of disability benefits, asserted that, "[i]n finding no deficits in adaptive functioning generally, the ALJ concluded that the [plaintiff] has worked several jobs and performed a variety of tasks which would be expected to be beyond the capacity of a mentally retarded person. With regard to past jobs, the ALJ found that [the plaintiff] previously worked as a battery assembler and a drop clipper." *Hancock*, 667 F.3d at 475-76 (citation omitted) (quotation marks omitted). So, counter to Plaintiff's argument that the Magistrate Judge erred in citing "with approval the ALJ's consideration of [Plaintiff's] work history[,]" *Hancock* demonstrates that the Fourth Circuit indeed approves of the ALJ's consideration of a claimant's work history.

Even so, Plaintiff avows that his "only past work was simple, physical, and unskilled, as a janitor, mason's helper and groundskeeper." Objections 4 (citations omitted). But, the jobs that the Vocational Expert testified that Plaintiff could perform also appear to be simple and unskilled and

take into consideration Plaintiff's physical limitations. *See* A.R. 27 (listing occupations such as a hand packer, product inspector, and garment folder as jobs that exists in the local and national economy which, given Plaintiff's limitations, he could perform). As such, the Court will also overrule this objection.

Fifth, Plaintiff contends that "[t]he Magistrate [Judge] appears to conflate the requirements that an ALJ discuss the evidence [s]he considered [ ] with the substantial evidence standard." Objections 4. This arguments lacks merit.

Plaintiff argues that "the fact that the ALJ cited and set out certain evidence as support for his conclusions does not mean those conclusions were actually supported by the facts of record. This reviewing court is charged with the duty of reversing the [ALJ's] decision if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that [the ALJ] properly applied the law." *Id*. Because the Court disagrees with Plaintiff's suggestion that the ALJ's "decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the [ALJ] properly applied the law," *id*., the Court will overrule this objection, too.

Sixth, Plaintiff avers that the Magistrate Judge erred in citing "approvingly to the ALJ's reliance on [Plaintiff's] report that he successfully completed high school." *Id*. at 5. Plaintiff maintains that "[t]his is not at all inconsistent with [Plaintiff's] tested low academic functioning." *Id*. The Court cannot agree.

It appears that what Plaintiff is asking the Court to do here is to reweigh the evidence and, in doing so, perhaps rule in his favor. But, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation

7

omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996)

Yes, there is no question that there is evidence in the record of tests showing Plaintiff's low academic functioning. But there is also substantial evidence in the record to support the ALJ's decision that he does not meet all of the requirements of Listing 12.05(C). For instance, Plaintiff obtained his GED. A.R. 19. Further, in the ALJ's decision, he also noted that Plaintiff "successfully completed high school and received a diploma, and that in elementary school he was in special education classes, but was in mainstream classes in high school." *Id*. at 22, 354. Finding that there is substantial evidence to support the ALJ's decision on this matter, and finding no legal error, the Court will also overrule this objection.

Seventh, and closely related to the sixth objection, Plaintiff avows that the Magistrate Judge mistakenly "endors[ed] the ALJ's ignoring that [Plaintiff's] much-vaunted love of reading never contradicts that he was reading at a fourth grade level." Objections 5-6 (emphasis omitted). The Court rejects this argument.

Again, Plaintiff asks the Court to reweigh the evidence in the record. Inasmuch as the Court is forbidden to do so, *see Johnson*, 434 F.3d at 653, the Court will overrule this objection.

Eighth, Plaintiff submits that the Magistrate incorrectly found "no error in the ALJ's complete lack of any discussion or findings as to whether [Plaintiff's] multiple impairments, in combination, equaled the severity of a Listing." Objections 7 (citing to Report 12-14). "The only stated consideration of the issue of whether [Plaintiff's] multiple impairments, in combination, were disabling, was the bare statement that the ALJ had considered them." *Id*. at 9. This is not so.

As the Magistrate Judge stated in the Report,

> Contrary to [Plaintiff's] arguments, the court finds that during the course of the ALJ's opinion, the ALJ sufficiently discussed [Plaintiff's] alleged impairments and limitations to demonstrate that he considered [Plaintiff's] impairments in combination. For example, in assessing [Plaintiff's] residual functional capacity considering [Plaintiff's] physical and mental impairments, the ALJ limited him to less than the full range of light work, restricting him to simple, routine, repetitive tasks in an environment that does not require on-going interaction with the public. The ALJ explicitly states that that finding is "supported by [Plaintiff's] back disorders; osteoarthritis; left shoulder impingement; borderline intellectual functioning; affective disorder; anxiety disorder; and chronic planter fasciitis." Further, in analyzing [Plaintiff's] residual functional capacity, the ALJ also discussed [Plaintiff's] medical records at length, including physical and mental findings and diagnostic images and testing results, as well as his testimony, and addressed conflicts in the records. The ALJ also stated that [Plaintiff's] "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments . . . ." Further, inherent in Listing 12.05(C) is a requirement that the ALJ consider [Plaintiff's] other impairments, as it requires that a claimant demonstrate "a physical or other mental impairment imposing an additional and significant work related limitation of function" to meet the Listing.

Report 14 (citations omitted). In light of foregoing, this Court is of the opinion that "the ALJ's analysis sufficiently demonstrates that he considered the combined effect of [Plaintiff's] combined impairments." *Id*. Therefore, the Court will overrule this objection, too.

Plaintiff's eighth objection is closely tied to his ninth one. In Plaintiff's ninth objection, he avers that the Magistrate Judge's "]position that the ALJ's decision at large, specifically his [Residual Functioning Capacity (RFC)] and individual Listing findings, demonstrates evidence of his consideration of the issue, has been firmly discredited as well." Objections 8. The Court is unable to agree.

According to Plaintiff, "[t]he only stated consideration of the issue of whether [Plaintiff's] multiple impairments, in combination, were disabling, was the bare statement that the ALJ had considered them." *Id* at 9. As set fourth in the Court's discussion of Plaintiff's eighth objection, the Court is satisfied that, when the ALJ's opinion is read as a whole, it is clear that he considered the combined effect of Plaintiff's combined impairments. Further, "[the Court's] general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). Accordingly, the Court will overrule this objection, as well.

Tenth, Plaintiff asserts that the Magistrate Judge erred in suggesting that substantial evidence supported the ALJ's credibility determination. Objections 9-10. The Court holds this contention to be meritless.

In discussing Plaintiff's credibility, the ALJ set out the following:

> he lives with his wife and four children, aged 15, 12, 8, and 2 years old. His daughter does the laundry, and his wife is disabled. He has a driver's license with no restrictions, but he rarely drives. He has his GED, can read and write in English, is left handed, 5'8" tall, and weighs 182 pounds. He has not worked since February 2009, when he pulled a disc in his back, he has not received workers compensation or unemployment benefits, and he has not looked for work since that date. He was 28 years old when he got his driver's license. He has problems every day walking and getting around, and does not sleep well. He has pain in his lower back and leg, neck pain, and tendonitis in his arms and hands. His pain is 9 out of 10. Sitting on hard furniture is painful; he can sit for maybe 15-20 minutes. Dr. [Nancy Lembo, of Carolina Spine and Sport Rehab Specialists] said he was not capable of working because of the pain and agony caused by standing, and told him not to lift more than 20 pounds. He takes tramadol, Lipitor, and depression medication; and does not have any side effects from his medication. His medications calm and relax him. He has problems with memory and depression. He has not been hospitalized for his emotional or mental problems. In the morning, he

> gets up, drinks coffee, listens to the radio, eats breakfast fixed by his wife, and read[s] the paper. His wife prepares his lunch, and in the afternoon, he rests and takes it easy. He snacks in the afternoon, and rarely eats in the evening. At night, he takes a shower and goes to bed between 9 and 10 pm, but does not sleep through the night because of the pain. He has a blood disorder that causes his nerves to react. He has to sit up to sleep. He can handle his own bathing and dressing, but his wife helps him with his shoes. He microwaves food, and his children do the cleaning around the house. He goes to the store with his wife. He does not have any hobbies, but does read books on his nook. His sister in law and his nephew visit, and he goes to church about once a month. He can sit for 15-20 minutes, and he can carry 10 to 15 pounds. He has lower back pain that shoots into his legs and left shoulder pain that limits his ability to lift his arms. He has tendonitis in his right hand and arm, and wears a brace to keep his fingers from tightening up. He stands up around 10 minutes a day. He has an ankle brace on his right foot and a back brace. He has problems with both knees, but his right knee is worse. He has problems with memory and is forgetful. He has sleep apnea. Some of his medications cause him to be drowsy and sleepy during the day. He takes a two-hour nap in the morning and in the afternoon every day. Some days are better than others, and the weather is a factor. When it is cold and rainy, he will just stay in bed.

A.R. 20.

After exhaustively discussing Plaintiff's medical records, *see id*. at 20-25, the ALJ determined that, although the medical records did not demonstrate that Plaintiff's impairment are disabling, he gave Plaintiff "the benefit of the doubt that these conditions do impose some limitations." *Id* at 624.

There is substantial evidence in the record to support the ALJ's finding that Plaintiff was not entirely credible. "Although [Plaintiff's] can point to selective medical evidence that may support his allegations of pain, it is clear the ALJ considered this evidence as well. As stated above, it the ALJ's duty to weigh credibility, and the court finds the ALJ's conclusion within the bounds of substantial evidence." Report 19. Again, the Court cannot "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]" *Craig* v. *Chater*, 76

F.3d 585, 589 (4th Cir. 1996). As such, the Court finds that there is substantial evidence to support the ALJ's credibility decision, and the decision is without legal error. Therefore, the Court will overrule this objection as well.

The Court has reviewed Plaintiff's remaining objections, but finds them to be without merit.

Although not argued by Plaintiff, *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015) held that the ALJ mistakenly determined the Mascio's RFC before assessing her credibility. *Id.* at 639. The language that the ALJ employed in doing what he incorrectly did in *Mascio* is the same language that the ALJ used in this case:

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

*Id.*, A.R. 20. But, because the ALJ here "properly analyzed [Plaintiff's] credibility elsewhere," any alleged error by the ALJ was harmless. *See Mascio*, 780 F.3d at 639.

In sum, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled under the Act during the relevant time period and that the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

To the extent that the ALJ could have done a better job in explaining his decision, because the ALJ's decision is overwhelmingly supported by the record, to remand the case to Defendant would be a waste of time and resources. *See Bishop v. Comm'r of Soc. Sec.*, 583 Fed. App'x 65, 67 (4th Cir. 2014) ("[I]f the [ALJ's] decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time.") (citation

and internal quotation marks omitted)).  Therefore, the Court will affirm Defendant's final decision to deny DIB to Plaintiff.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claims for DIB and SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 17th day of September, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE